| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>RAJESH SINGH,<br><br>                 Plaintiff,<br>        v.<br><br>YANN GERON, *in his capacity as the Trustee<br>of the bankruptcy estate of Sun Property<br>Consultants, et al.*,<br><br>                 Defendants.<br>-------------------------------------------------------------X | For Online Publication Only<br><br><br><br>**ORDER**<br>18-CV-6580 (JMA) (AYS) |

**AZRACK, United States District Judge:**

As a preliminary matter, the Court notes that, at the November 20, 2018 conference, plaintiff conceded that he is not seeking to have the bankruptcy case transferred to this Court.

Plaintiff's request for a temporary restraining order and a preliminary injunction is denied in its entirety. During the November 20 conference, Mr. Geron and Mr. Ostrow (counsel for McCormick 103, LLC) set forth multiple reasons why this Court lacks jurisdiction over plaintiff's claims and why plaintiff's claims fail in light of prior orders issued by Judge Scarcella. The Court finds all of their arguments to be persuasive. For those reasons, plaintiff cannot show a likelihood of success on the merits. See, e.g., In re MF Glob. Holdings Ltd., 562 B.R. 866, 873 (Bankr. S.D.N.Y. 2017) ("The Barton Doctrine, developed from common law by the Supreme Court, provides that a suit may not be brought against a receiver without leave of such receiver's appointing court. The Second Circuit has recognized that the Barton Doctrine extends to bankruptcy as well as receivership, and lower courts have applied it to declaratory judgment actions, as well as suits seeking damages." (citations and internal marks omitted)).

The injunctive relief that plaintiff seeks would upend the complex statutory scheme that Congress has enacted for litigating bankruptcy cases. Plaintiff's failure to cite any authority

1

permitting similar claims or similar relief, in any analogous circumstances, is not surprising. Contrary to plaintiff's assertion at the November 20 conference, Guar. Tr. Co. of N.Y. v. York, 326 U.S. 99 (1945) does not support plaintiff's claims for injunctive relief here.

**SO ORDERED.**

Dated: November 20, 2018
      Central Islip, New York

                                          /s/ (JMA)
                                  JOAN M. AZRACK
                                  UNITED STATES DISTRICT JUDGE